## HAMERICK v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Mar 8, 1929

Nathan Kaufman, Youngstown, for Hamerick.

W B Spagnola, Youngstown, for City.

ROBERTS, J.

The petition in error in this court alleges error in substantially the same terms as just read, as being found in the petition for the return of the property seized. The affidavit for the search warrant stated the location of the property to be searched but did not state the name of the owner of the property.

In the case of **State vs. Sabo, 108 Ohio St., 200**, it is said in the syllabus:

(Here follows quotation)

The evidence in this case, or the testimony of the prohibition officers indicated presumably it was occupied as a residence, but there is no evidence upon the proposition as to whether it was a bona fide private residence or not. However, the evidence shows that mash, intoxicating liquor, boiler and coil were found hidden in the premises, which indicates that the property was being used for illegal manufacture of intoxicating liquor, and such being the fact, this decision which has just been quoted from, conclusively establishes the proposition that this was not a bona fide private residence, and what the fact may have been regarding the affidavit for the search warrant becomes immaterial, or a search warrant was really not necessary, and this case of State of Ohio vs. Sabo also holds that "Irregularities in the form of the affidavit or warrant are immaterial."

The conclusion reached is that there was no reversible error and the decision of the lower court is affirmed.

Pollock and Farr. JJ, concur.